**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                  **Case No. 6:15-CR-176-ORL-37KRS**

**JOSHUA ADAM TATRO,**

      **Defendant.**

_____/

**NOTICE RE: INACCESSIBILITY TO CLIENT**

Joshua Adam Tatro, by and through his undersigned attorney, hereby gives notice of counsel's inability to have access to Mr. Tatro. This inaccessibility to Mr. Tatro will likely cause a delay in these proceedings. As grounds in support thereof, it is averred:

1.      Mr. Tatro is scheduled for trial before this Court on the March 2016 trial calendar.

2.      Mr. Tatro made his initial appearance in this case on August 31, 2015 pursuant to an indictment that was filed on July 30, 2015. Docs. 1, 7. Mr. Tatro was initially in state custody and was brought into federal custody pursuant to a *Writ of Habeas Corpus ad Prosequendum*. Doc. 6. The Office of the Federal Public Defender was appointed to represent Mr. Tatro, and the court ordered that he remain detained pending a disposition in his case. Docs. 9, 11.

3.      The indictment charges Mr. Tatro with nine counts of production of child pornography, three counts of receipt of child pornography, and one count of possession of child pornography. Doc. 1.

4.      On September 25, 2015, undersigned counsel filed an *Unopposed Motion for Psychiatric Exam.*   Doc. 19.   The Court granted this motion, and Mr. Tatro was committed to the custody of the Attorney General for a psychiatric evaluation.   Docs. 20, 22.

5.      On or about November 17, 2015, undersigned received the forensic report prepared by Dr. Jorge Luis, Psy.D, at the Bureau of Prisons ("BOP") Federal Detention Center ("FDC") in Miami, Florida.   Dr. Luis opined that Mr. Tatro is competent to stand trial.   *Id.* at 8.

6.      Undersigned counsel requested from Dr. Luis a copy of his curriculum vitae on November 20, 2015.   As of the filing of this motion, counsel has not received Dr. Luis' CV.

7.      Counsel requested from Dr. Luis and the BOP the raw data/notes related to the psychological testing and clinical interviews of Mr. Tatro by staff, including Dr. Luis and Iliana Jiminez, M.S.   The defense has a confirmed receipt of the request by the BOP FDC in Miami, Florida on November 24, 2015.   On January 13, 2016, counsel received notice from the Bureau of Prisons that it had received Mr. Tatro's FOIA request and was processing that request.   As of the filing of this motion, the defense has not received the requested data/notes.

8.      The defense has retained an expert to evaluate Mr. Tatro for competency.   The expert is scheduled to evaluate Mr. Tatro on February 6, 2016, at the Seminole County Jail.

9.      On January 14, 2016, undersigned counsel learned that Mr. Tatro was not at the Seminole County Jail.   He was in a hospital for "observation."   Counsel has since learned that Mr. Tatro was hospitalized on January 13, 2016.

10.      On January 28, 2016, the defense emailed a letter to the Seminole County Jail, requesting that the defense expert have access to an interview room for Mr. Tatro's evaluation on

2

February 5, 2016, at 9:00 AM. Counsel was notified that Mr. Tatro was not at Seminole County Jail. Jail staff indicated that Mr. Tatro was "TDY."

11.     On January 28, 2016, the defense emailed the United States Marshal Service ("USMS") and requested notification of where Mr. Tatro was housed, so that undersigned could meet with Mr. Tatro. Seminole County Jail staff indicated that Mr. Tatro was in a hospital, but would not tell the defense where Mr. Tatro was hospitalized.

12.     On January 29, 2016, the USMS indicated that due to the safety and the security of Mr. Tatro, it could not release Mr. Tatro's location, and visits were not permitted.

13.     First Assistant James Skuthan left a message for U.S. Marshal Katrina Crouse regarding the defense's inability to have access to Mr. Tatro.

14.     On February 1, 2016, undersigned spoke with Ms. Crouse. A telephone call between counsel and Mr. Tatro was scheduled for February 2, 2016, at 9:00 AM.

15.     On February 2, 2016, counsel spoke with Mr. Tatro. Of course, he was in the presence of law enforcement personnel in his hospital room. Counsel could only learn from Mr. Tatro that he had surgery.

16.     No one has been able to indicate to counsel when Mr. Tatro is anticipated to be released from the hospital. Counsel is unable to even provide a hospital with a release in order to learn why Mr. Tatro was hospitalized in the first place.

17.     As a result of counsel's inability to know when Mr. Tatro will be released from the hospital, the scheduled evaluation may not take place. The expert's next available date is March 5, 2016.

18.     Counsel is providing this notice to the Court because she may request a

continuance of Mr. Tatro's case due to circumstances beyond her control.

19.    Counsel has provided this information to Assistant United States Attorney Andrew Searle before filing this notice.

I hereby certify that the undersigned electronically filed the foregoing *Notice Re: Inaccessibility to Client* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Andrew Searle, Assistant United States Attorney, this the second day of February 2016.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER


*/s/ Angela Parrott*
Angela Parrott
Assistant Federal Defender
North Carolina Bar No. 0035490
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
E-Mail: angela_parrott@fd.org
Counsel for Joshua Adam Tatro