UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:15-cr-176-Orl-37KRS

JOSHUA ADAM TATRO

**PROTECTIVE ORDER**

This matter is before the Court on the United States' February 11, 2016, motion for a protective order to limit the disclosure of all files relating to the competency evaluation of the Defendant to include notes, tests, and raw data, based on the fact that unlimited disclosure would jeopardize the licensing of the relevant psychologists at the Federal Detention Center in Miami, Florida ("FDC Miami").

The Court has been informed that pursuant to the American Psychological Association ("APA") Ethical Principles and Code of Conduct, Standard 9.11 requires that psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to the Ethics Code.  Unlimited disclosure of the requested material would compromise the integrity of the tests.  In addition, Standards 9.04, 9.07, and 9.10 require that these materials should only be released as required by law or court order in the absence of a client/patient release, and only to persons qualified to interpret the data, such as a trained psychologist, so that they are not used in inappropriate

ways or improperly understood. Generally, legal counsel and other non-psychologists are not qualified to interpret the material requested. Furthermore, the APA Ethics Office has advised the FDC Miami psychologists that they should only release the requested materials pursuant to a court order. For the reasons stated in the United States' motion and for good cause shown, it is ALLOWED, and the Court hereby ORDERS the FDC Miami psychologists to provide the requested documents relating to the competency of the Defendant to include notes, tests, and raw data, to the Assistant United States Attorney ("AUSA") assigned to this case, and the Defendant's counsel for use in preparation for the trial in this case, under the circumstances set forth below.

The Court further ORDERS that any person subject to this Order, including without limitation the parties to this action, their representatives, agents, experts and consultants, third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

1. Any and all documents that are provided to the AUSA and Defendant's counsel in this action and identified as Sensitive by FDC Miami, via cover letter attached thereto, shall not be disclosed, except to the extent provided in this Order.

2. Any person subject to this Order who receives from any other person any documents that are designated by FDC Miami as Sensitive, via cover letter attached thereto, pursuant to the terms of this Order shall not disclose such

2

documents to anyone else except as expressly permitted hereunder.

3. Any use of documents by the AUSA, the Defendant, and Defendant's counsel are to be limited solely to the prosecution and defense in this case, whereby any copies of such documents are strictly limited to exhibit preparation. At all times, the AUSA and counsel for the Defendant shall retain all originals and copies of the documents, and the documents shall at no point be in the exclusive custody or disseminated to any other individual or party without express court approval.

4. No person subject to this Order shall disclose any of the records designated by the producing person as Sensitive to any other person whomsoever except: *KRS*

(a) Counsel retained *or appointed* specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action; and

(f) the Court and its support personnel.

5.   Prior to any disclosure of any documents to any person referred to in subparagraphs 4(c) or 4(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that the person has read this Order and agrees to be bound by its terms.   Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6.   Any party who either objects to any designation of confidentiality or to the implementation of this Order or who requests still further limits on disclosure may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.   If agreement cannot be reached promptly, counsel will contact the Court for a ruling.

7.   Each person who has access to records that have been designated as Sensitive, via cover letter attached thereto, shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8.   Nothing herein shall be deemed to waive any applicable privilege or objection.

9. This Protective Order shall survive the termination of the litigation, including all appeals. Within 30 days of the final disposition of this action or any appeal, all documents and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

10. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

DONE and ORDERED at Orlando, Florida, this 17th day of February, 2016.

_____
The Honorable Karla R. Spaulding
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:15-cr-176-Orl-37KRS

JOSHUA ADAM TATRO            **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of certain documents that have been designated as Sensitive. I agree that I will not disclose such Sensitive records to anyone, other than for purposes of this litigation and that at the conclusion of the litigation I will return all Sensitive records to the attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signed:_____          Dated: _____