UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 6:15-cr-176-Orl-37KRS

JOSHUA ADAM TATRO

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO WITHDRAW A STIPLUTION AND MOTION FOR ADDITIONAL TIME TO FILE PRE-TRIAL MOTIONS**

The United States respectfully responds to the Defendant's motion to withdraw a stipulation and his motion for additional time to file pre-trial motions (Doc. 53), and, in support of its response, states the following:

1.  On July 30, 2015, a grand jury returned a thirteen count indictment, charging the Defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts One through Nine), receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) (Counts Ten through Twelve), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Thirteen).  Doc. 1.  On August 31, 2015, the Defendant was arrested on the indictment and had his initial appearance.  Doc. 7.  On this same date, the Federal Public Defender was appointed to represent the Defendant.  Doc. 9. The Court also entered, on August 31, 2015, its standard Criminal Scheduling Order which specified that all pre-trial motions shall be filed within twenty-one (21)

days from the date of the Order.  Doc. 10.  On September 2, 2015, the assigned Assistant Federal Defender filed a notice of appearance in the case.  Doc. 17.

2. The Defendant has also been charged by the State of Florida with numerous offenses, including multiple counts of sexual battery, in connection with the Defendant's sexual abuse of the same minor victim from the Government's case.  Doc. 53-1.  A conviction on one of these sexual battery counts carries a mandatory life sentence in the Florida Department of Corrections.

3. On September 25, 2015, the Defendant filed an unopposed motion for a psychiatric examination to determine the Defendant's competency to stand trial.  Doc. 19.  On September 30, 2015, the Court entered an Order committing the Defendant to the custody of the Attorney General for a competency evaluation.  Doc. 22.  On November 16, 2015, the Government's expert issued a forensic report finding that the Defendant was competent.  On November 16, 2015 and December 17, 2015, respectively, the Court granted unopposed defense motions to continue the trial.  Docs. 24 and 29.  The continuances were granted in light of the fact that the Defendant's competency was still at issue.  Id.

4. On February 18, 2016, at a status conference, the Defendant moved to continue the matter a third time because, as of that date, the defense-retained expert had been unable to perform a second competency evaluation on the Defendant.  Doc. 39.  At this same hearing, the Defendant and the Government advised the Court that the matter would proceed to a stipulated bench trial.  Id.  The Court ultimately denied the defense motion for a continuance and set the

matter for a date certain trial on March 28, 2016.  Id.  On March 14, 2016, the United States and the Defendant filed a joint stipulation requesting a bench trial.  Doc. 42.  On this same date, the parties also filed a joint factual stipulation that set forth a factual basis which satisfied all the essential elements of the Counts the Defendant was facing in the indictment.  Doc. 41.

    5.    On March 17, 2016, the Court entered an Order setting the case for a bench trial on March 28, 2016.  Doc. 43.  On March 21, 2016, at an uncontested competency hearing, the Court found that the Defendant was competent to proceed and entered an Order setting forth its findings.  Docs. 44 and 45.  On March 24, 2016, the Defendant filed a motion to continue his trial.  Doc. 48.  In the continuance motion, the Defendant informed the Court and the United States that his assigned Assistant Federal Defender was on medical leave until April 18, 2016.  Id.  A new Assistant Federal Defender has recently entered a notice of appearance in the case.  Doc. 47.  After a hearing, the Court granted the Defendant's motion and continued the matter to the May 2016 trial term.  Docs. 50 and 52.

    6.    On March 30, 2016, the Defendant filed the instant motion to withdraw from the joint factual stipulation (Doc. 41) and his motion for additional time to file pre-trial motions.  Doc. 53.  In the motion, the Defendant claims that the factual stipulation for his bench trial was improvidently entered into.  Id.  The Defendant further acknowledged that stipulations are generally binding on the parties and the Court, and cannot be withdrawn unless they result in manifest

injustice. See United States v. Kanu, 695 F.3d 74, 78 (D.C. Cir. 2012).  Based on representations that the newly assigned Assistant Federal Defender has made, the undersigned believes that the Defendant entered into the joint factual stipulation with the understanding that the State of Florida could not use the stipulation against him in his State prosecution.  The Defendant has since learned that the State of Florida would indeed be permitted to use the factual stipulation to establish the Defendant's guilt on the sexual battery charges the Defendant is facing.  In light of these representations, the United States will not oppose the Court permitting the Defendant to withdraw the factual stipulation at Doc. 41.

      7.     Regarding the Defendant's motion for additional time to file pre-trial motions, the United States respectfully opposes the granting of this motion at this late juncture in the case.  The Defendant acknowledges in his motion that the deadline for filing such motions, as set forth in the Criminal Scheduling Order, has long since passed.  In addition, for months now, the United States was under the belief that the case would be resolved at a bench trial based on stipulated facts. Further, as noted above, the Defendant was granted several continuances, during which time, he could have filed pre-trial motions.  The matter is now set for a trial in the May trial term.  Accordingly, the United States respectfully believes that granting the Defendant additional time to file pre-trial motions is not fair or appropriate on the eve of trial.

8.  In sum, the United States does not oppose the Defendant's request to withdraw from the joint factual stipulation (Doc. 41) but requests that the Court deny the Defendant's motion for additional time to file pre-trial motions.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By: *s/ ANDREW C. SEARLE*
     ANDREW C. SEARLE
     Assistant United States Attorney
     Florida State Bar No. 0116461
     400 W. Washington Street, Suite 3100
     Orlando, Florida 32801
     Telephone: (407) 648-7500
     Facsimile: (407) 648-7643
     E-mail: andrew.searle@usdoj.gov

**U.S. v. JOSHUA ADAM TATRO**         **Case No. 6:15-cr-176-Orl-37KRS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James T. Skuthan, Esquire.
Angela Parrott, Esquire.

*s/ ANDREW C. SEARLE*
ANDREW C. SEARLE
Assistant United States Attorney
Florida State Bar No. 0116461
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        andrew.searle@usdoj.gov