**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

v.   Case No. 6:15-cr-176-Orl-37KRS

JOSHUA ADAM TATRO.

---

**ORDER**

On April 18, 2016, the Court denied as untimely two motions (Docs. 58, 59 ("**Suppression Motions**")) by Defendant to suppress evidence in this criminal matter. (Doc. 61 ("**Denial Order**").) Defendant now moves for reconsideration of the Denial Order. (Doc. 64 ("**Reconsideration Motion**").)

Although not provided for by the Federal Rules of Criminal Procedure, the U.S. Supreme Court and the U.S. Court of Appeals for the Eleventh Circuit permit motions for reconsideration in criminal cases. *See United States. v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991)). In order for the Court to grant the "extraordinary remedy" of reconsideration, Plaintiff must show: (1) newly discovered evidence; (2) a need to correct clear error or manifest injustice; or (3) an intervening change in the controlling law. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). The Court is "afforded substantial discretion in ruling on motions for reconsideration." *Sussman,* 153 F.R.D. at 694.

Defendant argues that manifest injustice will occur absent consideration of the merits of the Suppression Motions. (Doc. 64.) In support of the Reconsideration Motion,

defense counsel explains that: (1) he assumed representation of Defendant on March 23, 2016, when Defendant's original counsel began medical leave; (2) he has since "worked diligently" to review the facts of the case and the applicable law; and (3) he has a good faith belief that the law supports suppression of certain evidence and statements made by the Defendant prior to his arrest ("**Representations**"). (*Id.*)

Upon consideration of the Representations, the Court finds that reconsideration of the Denial Order is warranted. Importantly, the Court finds that good cause exists for the delayed filing and consideration of the Suppression Motions and that a determination of such Motions on the merits outweighs any potential prejudice to the Government. *See* Fed. R. Crim. P. 12(c)(3) (affording the Court discretion to consider untimely pretrial motions upon a showing of good cause).[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Reconsider Denial of Motions to Suppress as Untimely (Doc. 64) is **GRANTED**. On or before Wednesday, **May 4, 2016**, the Government is **DIRECTED** to respond to Defendant's Motion to Suppress Statements (Doc. 58) and Defendant's Motion to Suppress Evidence Outside Scope of Probable Cause (Doc. 59).

The parties are **DIRECTED** to appear before the Undersigned for a hearing on Defendant's Motions to Suppress (Docs. 58, 59) in **Courtroom 4A** at **401 West Central Boulevard, Orlando, Florida 32801** on Thursday, **May 12, 2016, at 1:30 p.m.** The parties are allotted at total of **three (3) hours** for the hearing.

---

[1] Relying on the parameters set forth in Rule 12(c), the Court previously denied Defendant an extension of time to file unidentified pretrial motions. (*See* Doc. 60, p. 2.) Defendant has since developed its argument for consideration of his untimely Suppression Motions in satisfaction of Rule 12(c).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record