# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                                             **Case No. 6:15-CR-176-ORL-37KRS**

**JOSHUA ADAM TATRO,**

     **Defendant.**

_____/

# JOSHUA ADAM TATRO'S
# SENTENCING MEMORANDUM

Joshua Adam Tatro, by and through his undersigned counsel, respectfully submits his Sentencing Memorandum.  After a non-jury trial, Mr. Tatro (Tatro) was found guilty in the above case of all counts in the Indictment. He stands before this Court facing a recommended guideline sentence of life in prison and a maximum exposure of 4,200 months under the applicable statutes. The undersigned requests that this Honorable Court impose a reasonable sentence based on the factors set forth in 18 U.S.C. § 3553(a). The undersigned understands that the sentence imposed must punish Tatro for the crimes of which he was found guilty. The sentence imposed must also protect the public, provide deterrence, provide just punishment, promote respect for the law and take into

1

account the circumstances of the offense. The undersigned requests this Court also take into account Tatro's history and characteristics in imposing such a sentence and, most importantly, provide a sentence, pursuant to 18 U.S.C. § 3553(a)(2)(D), that will provide Tatro with needed medical care in the most effective and safe manner.

Tatro is 25 years old, but has very significant medical and mental health issues that impact his ability to live a normal life.  Specifically, Tatro is mentally retarded and has been found to be extremely low functioning. Additionally, he has been diagnosed with microcephaly. He is blind in one eye and, for the last ten months, has had to use a colostomy bag. He will probably need to use said bag for the rest of his life. He suffers from depression and takes medication to treat the depression. While in the Bureau of Prisons, he will need to receive treatment for all of his physical and mental health needs. Additionally, he will need protection from other inmates in the system. The undersigned will request that this court recommend that Tatro be designated to the Bureau of Prisons facility located in Butner, North Carolina. Said prison facility can provide protection of the public while addressing his medical needs.

## Procedural History of the Case

On March 17, 2015, Brevard County Sheriff's deputies went to a residence in Brevard County and interviewed Mr. Tatro regarding an investigation into sexual crimes against children. The deputies thereafter arrested Mr. Tatro on state child sex charges and took him into state custody. On April 16, 2015, the State of Florida filed a criminal information in the Eighteenth Judicial Circuit charging Mr. Tatro with four counts of capital sexual battery, pursuant to § 794.011, Fla. Stat.; one count of lewd and lascivious molestation against a person less than 12 years of age by an offender older than 18 years of age, pursuant to § 800.04(5)(b), Fla. Stat.; one count of using a child in a sexual performance, pursuant to § 827.071(2), Fla. Stat.; and ten counts of possession of material depicting sexual conduct by a child, pursuant to § 827.071(5), Fla. Stat. *See* State of Florida Criminal Information, Case No. 052015CF019441A. The criminal information in the state case alleges that the criminal acts occurred between April 19, 2014, and March 17, 2015. Under Florida law, a conviction on only one count of capital sexual battery carries a mandatory minimum sentence of life imprisonment without the possibility of parole.

While the state case was still pending, the United States Attorney's Office, for the Middle District of Florida, presented to the federal grand jury evidence

obtained from the search and seizure by the Brevard County Sheriff's Office on March 17, 2015. On July 30, 2015, the indictment was filed in the instant federal case charging Mr. Tatro with nine counts of production of child pornography, four counts of receipt of child pornography, and one count of possession of child pornography. Doc. 1. These charges arise from the same course of conduct alleged in the state case, which remains pending. In the instant case, Tatro is facing the functional equivalent of a life sentence. Specifically, he is subject to a maximum penalty of 360 months in prison as to each production count and 240 months in prison for each receipt and possession count, for a total of 4,200 months' imprisonment. His advisory guideline range calls for a sentence of life imprisonment.

On August 31, 2015, Tatro was transported to federal custody for his initial appearance and arraignment in federal court. The Office of the Federal Public Defender for the Middle District of Florida was appointed to represent him. Doc. 9. On July 6, 2016, a non-jury trial took place before this Honorable Court. After hearing the evidence, this Court found Tatro guilty of all counts in the indictment. The sentencing in the instant case is scheduled for November 21, 2016. The state of Florida has a detainer placed on Tatro so that after he is sentenced by this Court, he will be returned to Brevard County to face his charges in the related

state case.

## Individual Characteristics of Joshua Adam Tatro[1]

Joshua Tatro was born on October 23, 1991, in Brevard County, Florida, the second child of Richard and Virginia Tatro. He has a brother, Richard Tatro Jr., who is 18 months older than him. Both of Tatro's parents were developmentally disabled.   Roger Tatro was in special education classes throughout his entire childhood. Virginia Tatro attended an exceptional student education program and graduated with a special diploma.

In 2001, when Joshua Tatro was nine years old, his father died at age 33 from septic shock. Tatro's mother, Virginia Tatro, resides in Brevard County, although Tatro has not seen her in several years. She has a lengthy criminal history and was arrested several times.[2] She also has a documented history of drug addiction and alcoholism. She attempted suicide twice when she was raising Tatro as a young boy. Tatro is mentally disabled. Although he is mentally competent, mental health experts at the Bureau of Prisons have found that his overall intellectual functioning was estimated to fall in the extremely low range. Doc. S-110, p. 76.

---

[1] The undersigned has filed a 109 page sealed document, S-110, together with an index, which provides documentary support for the facts contained in this sentencing memorandum.
[2] The arrests include the following: Battery on a police officer and petit theft, 1990; Possession of crack cocaine, 2007; Possession of drug paraphernalia, 2007; Domestic violence, 2009; Domestic violence by strangulation, 2013.

## Education

At an early age, Tatro was found to have numerous medical issues.  He was born with Microcephaly[3] and suffered, as a child, with significant speech delays. He did not start speaking until he was three years old. In 1997, at the age of five, an evaluation was done by the Brevard County school system.  The evaluation found that Tatro's vocabulary, comprehension, verbal concept formation, visual analysis, auditory recall, nonverbal problem solving and perceptual organization skills fell significantly below his chronological age. Based on these findings, Tatro was identified as "Educable Mentally Handicapped" by the Brevard County school system.  A few months later, in May, 1997, the school records indicate that Tatro required daily personal assistance, monitoring and intervention with social and emotional behavior.  The school records throughout Tatro's childhood document his limited ability to function.  At the age of nine, school records indicate that: "as a result of his disability, Joshua needs specialized instruction in all areas."  At age eleven, school records indicate that Tatro was performing four years below grade level.

---

[3] According to the Centers for Disease Control (CDC), Microcephaly is a birth defect causing infants to have smaller heads when compared to infants of the same age and gender. The CDC identified a range of medical issues that are linked to microcephaly. They include: seizures; developmental delays, such as problems with speech; intellectual disability; problems with movement and balance; feeding problems; hearing loss; and vision problems. The CDC provides that some causes of microcephaly can include exposure to the following during pregnancy: certain infections; severe malnutrition; harmful substances including drugs and alcohol; interruption in the blood supply.

At the age of 12, school records indicated Tatro had an IQ of 56. At the age of 18, the school psychologist found that Tatro was functioning in the intellectually deficient range of cognitive ability. *See* S-110, pp. 27 - 44 for educational records.

### Mental Health and Abuse History

Both of Tatro's parents had criminal records involving violent offenses, usually involving domestic violence or attempted violence on police officers. During their formative years, Tatro's parents were both placed in exceptional education programs. In later years, their limitations proved a challenge to the effective parenting of their children.[4] Tatro was born in 1991 and, only a year later, his father was arrested for domestic violence. Before Tatro turned six years old, his father was arrested two more times for domestic violence: once in 1995 and again in 1997. Tatro's mother was also unstable. A year before Tatro was born, she was charged with battery on a police officer and petit theft. By the time Tatro turned eight years old, his mother had twice attempted suicide. She later became addicted to crack cocaine. In 1997, school records indicated that the family's only income was from SSI and food stamps.

---

[4] During the 1997 interview with Tatro's parents, the Brevard County social worker found that Tatro's parents were developmentally delayed and had difficulty providing information. Doc. S-110, p. 38.

In 1998, the Florida Department of Children and Family Services (DCF) began an investigation into the neglect of Tatro, who was then six years old, and another child. The first investigation occurred in June, 1998. Over the next several years, DCF conducted several investigations of parental neglect of Tatro and also the sexual abuse of Tatro, and another child, by his parents' friend known as "Dennis."[5] During their interview with DCF, the parents told investigators that "Dennis" had told Tatro's parents that he saw nothing wrong with having sex with children. Additionally, the parents told the investigators that Joshua had been acting out sexually with other children. The details of these investigations can be found in sealed Doc. S-110, pp. 9-25.

In January, 2001, after Tatro's father died from septic shock, Tatro's mother moved Tatro, and another child, to Michigan. Once in Michigan, despite the sexual abuse investigation by Florida DCF, Virginia Tatro allowed her friend Dennis Sweitzer to move into her home for approximately three months. Virginia Tatro then returned to Florida. During the time she was absent (approximately two months), Tatro and another child lived with Tatro's maternal grandmother and Dennis Sweitzer. During this time period, Sweitzer sexually abused Tatro and another child. *See* Michigan State Police reports, Sealed Doc. S-110, pp. 45-

---

[5] Dennis was later identified as Dennis Sweitzer, who had previously been convicted of lewd acts upon a child, in Brevard County, in the late 1970's.

8

58. The Michigan State Police investigated the sexual abuse allegations and subsequently charged Dennis Sweitzer. Sweitzer was indicted and subsequently pleaded guilty to sexual assault of a minor under the age of thirteen. The judgment indicates that Sweitzer had previously been convicted of a sex offense in Brevard County. Sweitzer was subsequently sentenced to 300 - 600 months' incarceration. He is still incarcerated in the state of Michigan.

After Dennis Sweitzer was convicted, Tatro and his brother moved back to Brevard County with their mother in 2002. Tatro never received any counseling or treatment as a result of his being sexually abused. In 2003, Tatro underwent a psychiatric evaluation at Circles of Care (COC) in Brevard County. During the evaluation, Tatro's mother denied any prior sexual abuse of Tatro. However, she did report that he had previously threatened to kill himself. COC performed an IQ test on Tatro in December, 2003, and an IQ of 56 was documented. Seven months later, while Tatro was twelve years old, he returned to COC with his mother. She reported that Tatro was placing feces on the floor. A month later, Tatro returned to COC weighing 88 pounds and was assigned a therapist. In January, 2006, when he was fifteen, Tatro was diagnosed with ODD, mental retardation, asthma and blindness in his left eye. For COC reports, see Doc. S-110, pp. 59 - 71. In late 2006, DCF opened an investigation after reports that

Tatro and his brother were being neglected and that their mother was using cocaine. In mid-2007, when Tatro was sixteen years old, another complaint was filed with DCF that Tatro was neglected and that the home was filthy. In the same time frame, Virginia Tatro was arrested on crack cocaine charges. A month later, she was charged with possession of drug paraphernalia. In 2008, Rebecca Ecker, a friend of Virginia Tatro got temporary custody of Tatro and his brother.

In March, 2010, Tatro was Baker Acted for threatening to harm himself and others. In May, 2010, Tatro was Baker Acted again, this time for asking a friend to shoot him or to provide a gun so that Tatro could shoot himself.

In 2015, after his arrest in the instant case, the Bureau of Prisons evaluated Tatro to determine his mental competency. The BOP report, which was provided to the Court, found Tatro mentally competent to proceed. However, the BOP found that Tatro's intellectual functioning was in the extremely low range. In 2016, after Tatro was convicted, but before the scheduled sentencing date, Tatro was taken to a local hospital after jail authorities believed he attempted to hurt himself.

Tatro is currently incarcerated in the Seminole County jail and is taking medication for his depression.

## The Appropriate Sentence for Joshua Adam Tatro

In the instant case, the Court can consider several factors in determining a reasonable sentence in this case. The Defendant has no prior criminal history. He does, however, suffer from several serious medical conditions that require numerous medications. As outlined herein, he has had a difficult life with little, if any, parental direction or guidance. He was at times neglected by his parents who were ill-equipped to deal with his many issues. He was repeatedly sexually abused by a family friend before he turned ten years old. The family friend, Dennis Sweitzer, was subsequently convicted and sentenced to prison for his deeds. As he neared the end of his schooling, he had thoughts of harming himself and was twice Baker Acted. Finally, throughout his life he suffered from gastrointestinal issues which were never properly treated. He now wears a colostomy bag and will so do the rest of his life. Tatro is alone and isolated. He has been incarcerated continuously since March 17, 2015, a period of twenty months. Yet, he has not had a single person visit him in the jail.

Joshua Tatro knows and understands that he is facing 4,200 months, or 350 years, in prison for the crimes for which he has been convicted. He knows the charges for which he has been convicted are serious and require a life sentence. He knows that after being sentenced by this Court, he will be imprisoned for the

rest of his life. The undersigned's only request in this sentencing memorandum is that Tatro be allowed to serve that sentence in federal custody. As stated elsewhere in this memorandum, Tatro has significant medical issues and is extremely low functioning. He has needs and issues that can best be addressed by serving his life sentence in the Bureau of Prisons. This is a legitimate and a meritorious request and is covered by 18 U.S.C. § 3553 (a)(2)(D), which provides that, in determining the particular sentence to be imposed, the Court shall consider the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Tatro was arrested by the state of Florida in March, 2015 and charged with several life felonies based on the conduct for which he was found guilty in the instant case. The federal government assumed prosecution of the case, brought Tatro into federal custody and commenced the instant prosecution. The undersigned has unsuccessfully attempted to work out a resolution whereby Tatro would serve his life sentence in federal custody, rather than state custody. The Government does not object to Tatro serving his entire sentence in federal custody. However, because Tatro was arrested first by the state of Florida, the Bureau of Prisons will force Tatro to serve a state sentence first -- even if said sentence is imposed to run concurrently.

## Conclusion

Joshua Tatro and the undersigned understand that there are no good facts in this case. A young boy has been sexually abused and his life has been changed forever. Tatro has been convicted of numerous serious crimes and faces a life sentence for those crimes. It is hoped that the young boy can receive the treatment and the counseling that he will need to start living a normal life. Such treatment will hopefully break a cycle of abuse. Hopefully, Tatro can serve his life sentence in the custody of the Bureau of Prisons and receive the necessary treatment that he needs while in a safe and stable environment.

Respectfully submitted,

Donna Lee Elm
Federal Defender

*/s/ **James T. Skuthan***
James T. Skuthan
Chief Assistant Federal Defender
Florida Bar Number 0544124
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
Email: jim_skuthan@fd.org
Attorney for Joshua Adam Tatro

**Certificate of Service**

I hereby certify that undersigned attorney electronically filed the foregoing *Joshua Adam Tatro's Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF system, which will send a notice of electronic filing to Andrew C. Searle, Assistant United States Attorney, Orlando Division, this 11th day of November, 2016.

*/s/ James T. Skuthan*
James T. Skuthan