UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs

JOSHUA ADAM TATRO

Case Number: 6:15-cr-176-Orl-37KRS

USM Number: 63118-018

James Skuthan, FPD
Suite 300
201 S Orange Ave
Orlando, FL 32801

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the Indictment. Accordingly, the Court has adjudicated the defendant guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | October 26, 2014 | One |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | November 6, 2014 | Two |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | November 15, 2014 | Three |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | November 20, 2014 | Four |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | November 21, 2014 | Five |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | January 18, 2015 | Six |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | February 16, 2015 | Seven |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | March 8, 2015 | Eight |
| 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) | Production of Child Pornography | March 10, 2015 | Nine |
| 18 U.S.C. § 2252A(a)(2)(B), 18 U.S.C. § 2252A(b)(1) | Receipt of Child Pornography | February 23, 2015 | Ten |
| 18 U.S.C. § 2252A(a)(2)(B), 18 U.S.C. § 2252A(b)(1) | Receipt of Child Pornography | March 10, 2015 | Eleven |
| 18 U.S.C. § 2252A(a)(2)(B), 18 U.S.C. § 2252A(b)(1) | Receipt of Child Pornography | March 11, 2015 | Twelve |

Joshua Adam Tatro
6:15-cr-176-Orl-37KRS

| 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2252A(b)(2) | Possession of Child Pornography | March 17, 2015 | Thirteen |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 21, 2016

ROY B. DALTON, JR.
UNITED STATES DISTRICT JUDGE

December __5__, 2016

Joshua Adam Tatro
6:15-cr-176-Orl-37KRS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of four thousand two hundred (4200) months which consists of three hundred sixty (360) months on each of Counts 1 – 9 and two hundred (240) months on each of Counts 10 – 13, all to be served consecutively and said terms concurrent to any sentence Defendant receives in state proceeding, case 15-CF-019441A, 18th Judicial Circuit

The Court recommends to the Bureau of Prisons that the defendant be housed in the federal facility at Butner, North Carolina or an equivalent facility so that the Defendant can receive the psycho-sexual treatment that he needs as well as the mental health treatment that he needs.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
     Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Joshua Adam Tatro
6:15-cr-176-Orl-37KRS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life.

You must not commit another federal, state or local crime.

You must not unlawfully possess a controlled substance.

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

You must cooperate in the collection of DNA as directed by the probation office

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer;

4. You must answer truthfully all questions asked by your probation officer;

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.;

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Joshua Adam Tatro
6:15-cr-176-Orl-37KRS

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. You shall provide the probation officer access to any requested financial information.

2. You shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3. You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carries on a vocation, or are a student, as directed by the probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5. You are prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

7. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure

Joshua Adam Tatro
6:15-cr-176-Orl-37KRS

to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

8. You shall cooperate in the collection of DNA, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,300.00 | $0.00 | Deferred |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$1,300.00** is due in full and immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture (Doc 107, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case